UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
NEW BERN DIVISION

IN RE:

                                                    CHAPTER 13

JOSHUA ADAM MOBLEY                           15-05055-5-DMW
HELEN DENISE MOBLEY

    DEBTORS

## AMENDMENT TO PETITION

      NOW COME the Chapter 13 debtors, through counsel, and respectfully amend the petition as follows:

**Chapter 13 Plan**

The attached Amended Chapter 13 Plan is to be inserted into the debtors' original petition. This plan replaces the Chapter 13 Plan that was submitted when the original petition was filed.

      WHEREFORE, debtors pray that the Court accept the amendment of the petition.

      DATED: November 16, 2015

                                          *s/Roger A. Moore*
                                          Roger A. Moore (N.C. State Bar No. 5757)
                                          Attorney for Debtor(s)
                                          P.O. Box 886
                                          Jacksonville, NC  28540
                                          (910) 455-0448 Phone
                                          (910) 347-6343 Fax

Joshua Adam Mobley, debtor herein, certifies, under penalty of perjury, that he has read the preceding Amendment and certifies that the statements therein contained are true and correct to the best of his knowledge, information and belief.

DATED: 11/16/15.

_____
Joshua Adam Mobley

**STATE OF NORTH CAROLINA**

**COUNTY OF ONSLOW**

I, Katiuska F. Brown, certify that Joshua Adam Mobley personally appeared before me this day, acknowledging to me that he/she signed the foregoing document.

This 16 day of November, 2015.

_____
Katiuska F. Brown

(Official seal)

My commission expires: March 28, 2020

*********************

Helen Denise Mobley, debtor herein, certifies, under penalty of perjury, that she has read the preceding Amendment and certifies that the statements therein contained are true and correct to the best of her knowledge, information and belief.

DATED: 11/16/15.

_____
Helen Denise Mobley

**STATE OF NORTH CAROLINA**

**COUNTY OF ONSLOW**

I, Katiuska F. Brown, certify that Helen Denise Mobley personally appeared before me this day, acknowledging to me that she signed the foregoing document.

This 16 day of November, 2015.

_____
Katiuska F. Brown

(Official seal)

My commission expires: March 28, 2020

## CERTIFICATE OF SERVICE

I, Roger A. Moore, of 100 Old Bridge Street, Jacksonville, Onslow County, North Carolina, certify:

That I am, and at all times hereinafter mentioned was, more than eighteen (18) years of age;

That on November 16, 2015 I served copies of the foregoing amendment on:

**Joshua Adam Mobley**
**900 Laurel Lane**
**Jacksonville, NC 28546**

**Helen Denise Mobley**
**701 Cattail Court**
**Jacksonville, NC 28540**

by depositing a copy of said amendment and notice in first class mail under the exclusive care and custody of the United States Postal Service in a properly addressed, postage, pre-paid wrapper.

The following parties were served electronically:

United States Bankruptcy Administrator, EDNC
Joseph A. Bledsoe, III, Chapter 13 Trustee

I certify under penalty of perjury that the foregoing is true and correct.

DATED:  November 16, 2015

*s/Roger A. Moore*
Roger A. Moore (N.C. State Bar No. 5757)
Attorney for Debtor(s)
P.O. Box 886
Jacksonville, NC  28540
(910) 455-0448 Phone
(910) 347-6343 Fax

**United States Bankruptcy Court**
**Eastern District of North Carolina**

In re   **Joshua Adam Mobley**
        **Helen Denise Mobley**
                                    Debtor(s)

Case No.  **15-05055-5**
Chapter   **13**

## CHAPTER 13 PLAN - AMENDED

1. <u>Payments to the Trustee</u>: The future earnings or other future income of the Debtor is submitted to the supervision and control of the trustee. The Debtor (or the Debtor's employer) shall pay to the trustee the sum of **$148.00** per month for **57** months.

   Total of plan payments: **$8,436.00**

2. <u>Plan Length</u>: This plan is estimated to be for **57** months.

3. Allowed claims against the Debtor shall be paid in accordance with the provisions of the Bankruptcy Code and this Plan.

   a. Secured creditors shall retain their mortgage, lien or security interest in collateral until the earlier of (a) the payment of the underlying debt determined under nonbankruptcy law, or (b) discharge under 11 U.S.C. § 1328.

   b. Creditors who have co-signers, co-makers, or guarantors ("Co-Obligors") from whom they are enjoined from collection under 11 U.S.C. § 1301, and which are separately classified and shall file their claims, including all of the contractual interest which is due or will become due during the consummation of the Plan, and payment of the amount specified in the proof of claim to the creditor shall constitute full payment of the debt as to the Debtor and any Co-Obligor.

   c. All priority creditors under 11 U.S.C. § 507 shall be paid in full in deferred cash payments.

4. From the payments received under the plan, the trustee shall make disbursements as follows:

   a. Administrative Expenses
      (1) Trustee's Fee:   **8.00%**
      (2) Attorney's Fee (unpaid portion):   **$3,641.00 to be paid through plan in monthly payments**
      (3) Filing Fee (unpaid portion):   **NONE**

   b. Priority Claims under 11 U.S.C. § 507

      (1) Domestic Support Obligations

         (a) Debtor is required to pay all post-petition domestic support obligations directly to the holder of the claim.

         (b) The name(s) and address(es) of the holder of any domestic support obligation are as follows. See 11 U.S.C. §§ 101(14A) and 1302(b)(6).

         **-NONE-**

         (c) Anticipated Domestic Support Obligation Arrearage Claims. Unless otherwise specified in this Plan, priority claims under 11 U.S.C. § 507(a)(1) will be paid in full pursuant to 11 U.S.C. § 1322(a)(2). These claims will be paid at the same time as claims secured by personal property, arrearage claims secured by real property, and arrearage claims for assumed leases or executory contracts.

         | Creditor (Name and Address) | Estimated arrearage claim | Projected monthly arrearage payment |
         |---|---|---|
         | **-NONE-** | | |

         (d) Pursuant to §§ 507(a)(1)(B) and 1322(a)(4), the following domestic support obligation claims are assigned to, owed to, or recoverable by a governmental unit.

             Claimant and proposed treatment:   **-NONE-**

(2) Other Priority Claims.

| Name | Amount of Claim | Interest Rate (If specified) |
|---|---|---|
| Internal Revenue Service | 85.00 | 0.00% |
| NC Department of Revenue | 1,184.00 | 0.00% |

c. Secured Claims

(1) Pre-Confirmation Adequate Protection Payments. Pre-confirmation adequate protection payments to the following Creditors holding allowed claims secured by a purchase money security interest in personal property shall be paid by the Trustee through the plan as provided below. Adequate protection payments shall not accrue or be paid until the Creditor files a proof of claim. The principal amount of the Creditor's claim shall be reduced by the amount of the adequate protection payments remitted.

| Name | Description of Collateral | Pre-Confirmation Monthly Payment |
|---|---|---|
| -NONE- | | |

(2) Secured Debts Which Will Not Extend Beyond the Length of the Plan

(a) Secured Claims Subject to Valuation Under § 506. The Debtor moves the Court to value collateral as follows according to 11 U.S.C. § 506(a). Each of the following secured claims, if allowed, shall be paid through the plan in equal monthly payments set forth below, until the secured value or the amount of the claim, whichever is less, has been paid in full. Any remaining portion of the allowed claim shall be treated as a general unsecured claim. Any claim with a secured value of $0 shall be treated as a general unsecured claim.

| Name | Proposed Amount of Allowed Secured Claim | Monthly Payment | Interest Rate (If specified) |
|---|---|---|---|
| Furniture Fair | 1,500.00 | 126.77 | 6.00% |

(b) Secured Claims Not Subject to Valuation Under § 506. Each of the following claims, if allowed, shall be paid through the plan in equal monthly payments set forth below, until the amount of the claim as set forth in the Creditor's proof of claim has been paid in full.

| Name | Proposed Amount of Allowed Secured Claim | Monthly Payment | Interest Rate (If specified) |
|---|---|---|---|
| -NONE- | | | |

(3) Secured Debts Which Will Extend Beyond the Length of the Plan

| Name | Amount of Claim | Monthly Payment | Interest Rate (If specified) |
|---|---|---|---|
| -NONE- | | | |

d. Unsecured Claims

(1) Special Nonpriority Unsecured: Debts which are co-signed or are non-dischargeable shall be paid in full (100%).

| Name | Amount of Claim | Interest Rate (If specified) |
|---|---|---|
| -NONE- | | |

(2) General Nonpriority Unsecured: Other unsecured debts shall be paid **1** cents on the dollar and paid pro rata, with no interest if the creditor has no Co-obligors, provided that where the amount or balance of any unsecured claim is less than $10.00 it may be paid in full.

5. The Debtor proposes to cure defaults to the following creditors by means of monthly payments by the trustee:

| Creditor | Amount of Default to be Cured | Interest Rate (If specified) |
|---|---|---|
| -NONE- | | |

6. The Debtor shall make regular payments directly to the following creditors:

| Name | Amount of Claim | Monthly Payment | Interest Rate (If specified) |
|---|---|---|---|
| Ally Financial | 23,475.00 | 571.00 | 0.00% |
| Chrysler Capital | 32,075.00 | 606.00 | 0.00% |

7. The employer on whom the Court will be requested to order payment withheld from earnings is:
   **NONE. Payments to be made directly by debtor without wage deduction.**

8. The following executory contracts of the debtor are rejected:

   | Other Party | Description of Contract or Lease |
   |---|---|
   | **ADT LLC dba ADT Security Services** | **Home Security System/Reject & abandon contract/$44 per month** |

9. Property to Be Surrendered to Secured Creditor

   | Name | Amount of Claim | Description of Property |
   |---|---|---|
   | **360 Mortgage Group** | **234,720.00** | **Single Family dwelling & lot at 701 Cattail Court, Jacksonville, NC 28540/1st Lien Deed of Trust/Will surrender & abandon all interest/$1,531 mo/ Due 1st** |

10. The following liens shall be avoided pursuant to 11 U.S.C. § 522(f), or other applicable sections of the Bankruptcy Code:

    | Name | Amount of Claim | Description of Property |
    |---|---|---|
    | **-NONE-** | | |

11. Title to the Debtor's property shall revest in debtor **on confirmation of a plan.**

12. As used herein, the term "Debtor" shall include both debtors in a joint case.

13. Other Provisions:

Date _____   Signature _____
                              **Joshua Adam Mobley**
                              Debtor

Date _____   Signature _____
                              **Helen Denise Mobley**
                              Joint Debtor

**Roger A. Moore 005757**
Attorney for Debtor(s)
**Roger A. Moore**
**Attorney at Law**
**100 Old Bridge Street**
**Jacksonville, NC 28540**
**910-455-0448 Fax:910-347-6343**
**RAMlaw@embarqmail.com**

B6 Summary (Official Form 6 - Summary) (12/14)

# United States Bankruptcy Court
## Eastern District of North Carolina

In re  Joshua Adam Mobley,
       Helen Denise Mobley

Case No. __15-05055-5__

Debtors,

Chapter __13__

## SUMMARY OF SCHEDULES - AMENDED

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | 234,720.00 | | |
| B - Personal Property | Yes | 4 | 67,651.28 | | |
| C - Property Claimed as Exempt | Yes | 3 | | | |
| D - Creditors Holding Secured Claims | Yes | 2 | | 352,306.00 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | Yes | 3 | | 1,269.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 6 | | 47,401.00 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | Yes | 2 | | | 5,185.00 |
| J - Current Expenditures of Individual Debtor(s) | Yes | 2 | | | 5,037.00 |
| Total Number of Sheets of ALL Schedules | | 25 | | | |
| | | Total Assets | 302,371.28 | | |
| | | | Total Liabilities | 400,976.00 | |

B 6 Summary (Official Form 6 - Summary) (12/14)

# United States Bankruptcy Court
## Eastern District of North Carolina

In re  Joshua Adam Mobley,
       Helen Denise Mobley
                                                    Debtors

Case No.  15-05055-5

Chapter  13

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C.§ 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☐ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

This information is for statistical purposes only under 28 U.S.C. § 159.

Summarize the following types of liabilities, as reported in the Schedules, and total them.

| Type of Liability | Amount |
| --- | --- |
| Domestic Support Obligations (from Schedule E) | 0.00 |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | 1,269.00 |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | 0.00 |
| Student Loan Obligations (from Schedule F) | 0.00 |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | 0.00 |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | 0.00 |
| TOTAL | 1,269.00 |

State the following:

| | |
| --- | --- |
| Average Income (from Schedule I, Line 12) | 5,185.00 |
| Average Expenses (from Schedule J, Line 22) | 5,037.00 |
| Current Monthly Income (from Form 22A-1 Line 11; OR, Form 22B Line 14; OR, Form 22C-1 Line 14) | 7,263.64 |

State the following:

| | | |
| --- | --- | --- |
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | 60,536.00 |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column | 1,269.00 | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | 0.00 |
| 4. Total from Schedule F | | 47,401.00 |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | 107,937.00 |